IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| LAKEITRA DIANE SPIGHT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 16-00340-CV-W-ODS |
| ) | |
| CATERPILLAR, INC., et al., ) | |
| ) | |
| Defendants. ) | |

<u>ORDER AND OPINION DENYING PLAINTIFF'S MOTION TO REMAND</u>

Pending is Plaintiff's Motion to Remand. Doc. #11. For the reasons below, the motion is denied.

I. <u>BACKGROUND</u>

Plaintiff Lakeitra Diane Spight ("Plaintiff") commenced this action in the Circuit Court of Jackson County, Missouri on March 7, 2016, alleging violations of the Missouri Human Rights Act ("MHRA"). Doc. #1-1. Defendants timely removed the action, alleging this Court has diversity jurisdiction. Doc. #1. This Court issued an order to show cause why the case should not be remanded for lack of jurisdiction, ordering Defendants to clarify the citizenship of David Harn ("Harn") and Karen Woods ("Woods"). Doc. #4. In response, Harn stated that he resides in Illinois and has a permanent Illinois residence with no plans to move from Illinois. Doc. #6-1. Woods similarly replied, stating she resides in Kansas and has for her entire life, has a permanent residence there, and has no plans to move from Kansas. Doc. #6-2.

On May 16, 2016, Plaintiff filed a Motion to Remand, arguing Defendants failed to establish diversity jurisdiction. Doc. #11. Plaintiff argues Harn and Woods did not meet their burden to establish citizenship in Illinois and Kansas, respectively. Plaintiff further argues Defendants cannot establish the amount in controversy as greater than $75,000, as required by 28 U.S.C. § 1332.

1

## II. DISCUSSION

The party invoking federal jurisdiction bears the burden of demonstrating it exists. *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009). Thus, Defendants bear the burden in this case. Factual matters such as the citizenship of the parties and amount in controversy must be established by the preponderance of the evidence. *Id.*, *see also In re Prempro Products Liability Litig.*, 591 F.3d 613, 620-21 (8th Cir. 2010). When diversity jurisdiction is asserted, complete diversity of citizenship must exist. "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *In re Prempro Products Liability Litig.*, 591 F.3d at 620-21. Further, complete diversity must exist at the time of filing of the state court petition. *See Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 975-76 (8th Cir. 2011).

### A. Parties' Citizenship

The Court first examines the parties' citizenship. A party's "[c]itizenship is determined by a person's physical presence in a state along with his intent to remain there indefinitely." *Altimore v. Mount Mercy College*, 420 F.3d 763, 768 (8th Cir. 2005) (citation omitted). Factors to consider in determining a party's citizenship include, but are not limited to, where that party resides, votes, banks, possesses a driver's license, seeks medical treatment, pays taxes, and works. *Id.* at 769. Finally, a party "remains a citizen of [a] state until he legally acquires a new state of citizenship." *Id.*

While Plaintiff correctly argues the term "resident" is insufficient to establish citizenship, the declarations submitted by Harn and Woods do more than claim residency. Harn states, "I have resided in Illinois since January 2016, have a permanent residence in Illinois, and currently have no plans to move my residence from Illinois." Doc. #6-1. Woods states, "I have resided in Kansas my entire life, have a permanent residence in Kansas, and currently have no plans to move my residence from Kansas." Doc. #6-2. These statements establish citizenship. *See Reece v. Bank of New York Mellon*, 760 F.3d 771, 778 (8th Cir. 2014) (stating "[c]itizenship requires permanence," and the term "reside" is sufficient to establish citizenship). Harn's and Woods's citizenships are established by physical presence in the state in which each resides and by intent to remain in their respective states indefinitely. *See Altimore*, 420

F.3d at 768. Because Plaintiff is a Missouri citizen, Defendants met their burden to establish the diversity of the parties by establishing the citizenship of Harn and Woods in Illinois and Kansas, respectively.[1]

### B. Amount in Controversy

Plaintiff next argues Defendants did not establish the amount in controversy as greater than $75,000. When removal is based on section 1332, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy" unless "the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded." 28 U.S.C. § 1446(c)(2)(A). In that case, "the notice of removal may assert the amount in controversy." *Id.* Missouri does not permit the plaintiff to demand a specific sum, so the Court looks to the Notice of Removal to ascertain the amount in controversy. In so doing, the Court must keep in mind that Defendant's burden is a pleading requirement and not a demand for proof. *Raksas v. Johnson & Johnson*, 719 F.3d 884, 888 (8th Cir. 2013).

The jurisdictional amount of $75,000 is established when the Court considers lost income, emotional distress, reputational damages, attorney's fees, and other damages yet undetermined. Plaintiff's Petition identifies her damages as lost income, "garden-variety" emotional distress, reputational damage, diminution in earnings capacity, and other damages yet undetermined. Doc. #1-1, page 6. At the time of Plaintiff's allegedly wrongful employment termination on July 20, 2015, Plaintiff's annual salary was $50,000. Doc. #13-2. Depending on when trial is held, Plaintiff's lost income could cover a period of more than two years. Plaintiff's damages from lost income alone likely exceed the $75,000 jurisdictional amount. When aggregated with damages for lost income, damages for emotional distress could be well above $75,000.[2] Moreover, court

---

[1] Plaintiff does not dispute Caterpillar, Inc.'s or Progress Rail Services Corporation's citizenship. Caterpillar, Inc. is a citizen of Delaware and Illinois. Progress Rail Services Corporation is a citizen of Alabama. Doc. #1.
[2] *See Kessler v. Monarch Fire Prot. Dist.*, No. 07CC-000830, 2010 WL 4561862 (Mo. Cir. Ct. St. Louis Cnty. July 26, 2010) (jury award of $200,000 to each Plaintiff on sex discrimination and hostile work environment claim); *Hurst v. Kansas City Missouri Sch. Dist.*, No. 1116CV20633, 2013 WL 3325230 (Mo. Cir. Ct. Jackson Cnty. Feb. 4, 2013)

costs and attorney's fees may be awarded to a prevailing party under the MHRA. Mo. Rev. Stat. § 213.111.2. The Court finds Defendants met their burden to establish the amount in controversy exceeds $75,000.

III. <u>CONCLUSION</u>

Defendants met their burden to establish this Court has jurisdiction under 28 U.S.C. § 1332. Plaintiff's Motion to Remand is denied.

IT IS SO ORDERED.

                 /s/ <u>Ortrie D. Smith</u>
                 ORTRIE D. SMITH, SENIOR JUDGE
DATE: June 24, 2016        UNITED STATES DISTRICT COURT

---

(jury's award of $447,083 included compensation for lost income, emotional distress, and punitive damages).